Johnnie Gunter v. The State.

No. 5697.  Decided March 10, 1920.

**Receiving Stolen Property—Sufficiency of the Evidence.**
    Where, upon trial of receiving and concealing stolen property of the value of more than fifty dollars, the evidence sustained the conviction there was no reversible error.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe, judge.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. D. Evans*, for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District court of McLennan County, of receiving and concealing property of the value of more than fifty dollars, and his punishment fixed at two years confinement in the penitentiary.

The record is before us without a single bill of exceptions, and the only matter here urged, is that the evidence is not sufficient to justify the verdict. We cannot agree with this contention. The uncontradicted testimony shows that several automobile casings, each of the value of more than fifty dollars were unlawfully taken from the the possession of the owner about the time charged in the indictment, and that soon thereafter, two negro boys came to the place where appellant was at work, and, according to his own admission and statement, wanted to sell him some automobile casings; and that he took them in a car, and went with them to a place on the river bank above the City of Waco, at which place they produced two new automobile casings, still in their original paper wrapping. He admitted that he then took the boys and these casings to the home of his cousin, and that she handed him the amount of money which he said the boys wanted for the casings. Later, these two casings were recovered by the owner, as were also the others which were hidden under a pile of trash on the river bank. Appellant made a confession to the officers, which was introduced in evidence, which confession contains numerous statements and admissions tending to show his guilty knowledge. The court submitted the case to the jury under a fair and full charge on circumstantial evidence, to which no exception was taken; and under this charge, the jury

has found appellant guilty, and has given him the lowest penalty known to our law for this felony. We think, from the record, that the guilt of appellant is fully established. That he got the casings to put on the car of his cousin, which he seemed at liberty to use, or that he shared in the money which he said he paid to the boys after receiving the same from his cousin, would be questions of fact for the jury, and their finding must be approved unless there be error found in the record.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*